## JENNINGS *a.* ASTEN.

*New York Superior Court; Special Term, November,* 1856.

### SHERIFF'S JURY.—SETTING ASIDE VERDICT.

The verdict of a jury on the execution of a writ of inquiry by the sheriff of the city and county of New York, to assess a plaintiff's damages, on defendant's failure to answer, will not be set aside merely because the persons summoned as jurors were not on the list of jurors selected by the commissioner of jurors ; no objection having been made on the execution of the writ, and it not appearing that the persons were not fit and competent jurors.

Nor because the complaint was read in evidence to the jury ; it not appearing that it was offered for any specific purpose for which it could not properly be read.

Nor on account of the excessiveness of damages, when the evidence on which the verdict was rendered is not disclosed by the affidavits on which the motion was made.

Motion to set aside an inquest taken before a sheriff's jury.

This action was brought to recover damages for ejecting plaintiff's servants from his jewelry store, closing it up, and pasting a bill on it containing the words " *To Let.*" Defendant, failed to answer, and the court ordered that a writ of inquiry issue to the sheriff to assess the plaintiff's damages. The writ was executed. The defendant appeared and examined witnesses. He now moved to set aside the inquest upon three grounds.

1. The sheriff did not summon as jurors, persons on the list prepared by the commissioner of jurors.

2. The sheriff, against the objection of defendant, allowed the complaint to be read in evidence to the jury. Upon this point the opposing affidavit stated that defendant objected on the ground " that the complaint was matter of record and belonged to the sheriff or under sheriff who conducted the proceedings, to be considered by him exclusively. That said under sheriff stated the practice to be for the plaintiff to read the complaint and the jury to give such weight to it as they thought proper. That defendant's counsel excepted to the decision allowing it to be read."

3. On the ground of excessive damages.

*George M. Stevens*, for the motion.

*S. E. Church*, opposed.

BOSWORTH, J.—It is not alleged that the persons serving as jurors, were not in fact competent jurors, nor is any objection to them suggested, except that they were not of the number who had been selected by the commissioner of jurors to do jury duty. No objection was made to the regularity of the sheriff's proceedings in summoning the jury, or to the qualification or fitness of either of the jurors, on executing the writ. There is no provision in chapter 495 of the laws of 1847 (734) requiring the sheriff of the city and county of New York, on executing writs of inquiry, to summon only such persons as the commissioner of jurors may have selected to serve. Nor does that act provide that the commissioner of jurors, or any other officer, on the requisition of the sheriff or otherwise, may designate the persons whom the sheriff may summon as jurors in such cases. I think there is nothing in the objection first taken, as it is presented on this motion.

The jury were to assess the damages which the plaintiff had sustained by reason of the facts mentioned in the complaint as constituting the cause of action. It was proper to read the complaint in order that they might know what those facts were. By failing to answer the complaint, the material allegations contained in it, were for the purposes of the action admitted to be true. (*Code*, § 165). The objection taken was, that it should not be read as evidence at all. This objection is not tenable. If the objection had been taken that it could not be read as evidence of the amount of damages the plaintiff was entitled to recover, and the right to read it for that purpose had been insisted on, and it had been allowed to be read expressly for that purpose, a different question would be presented. The objection alleged to have been taken was too broad to enable the court to say that the decision was erroneous.

Neither can the court say that the damages were excessive. Testimony to that point was given on both sides. What that

testimony was, is not disclosed by the affidavits. The court therefore cannot see that the damages are excessive. The complaint claimed damages to the amount of $1,000, and the jury assessed them at $450. This motion is addressed to the equitable consideration of the court. The evidence on which the jury acted not being before the court, it is unable to say that any injustice has resulted to the defendant from the proceedings.

The motion is therefore denied.